**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SCOTT SHERMAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:23-CV-04512-ELR |
| | * | |
| FRONTIER AIRLINES, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

_____

**O R D E R**

_____

This case comes before the Court on Plaintiff Scott Sherman's "Motion for Default Judgment." [Doc. 7]. The Court sets forth its reasoning and conclusions below.

I.      **Background**

Plaintiff Scott Sherman alleges that Defendant Frontier Airlines, Inc. violated 14 C.F.R. Part 250[1] and breached a contract of carriage[2] for roundtrip air travel between Orlando, Florida and Las Vegas, Nevada. Compl. ¶¶ 3–5 [Doc. 1]. The Parties entered into a contract of carriage on or about July 19, 2023, when Plaintiff purchased airline tickets for an outbound flight scheduled for August 17, 2023, and a return flight scheduled for August 21, 2023. Id. ¶ 3. According to Plaintiff, the outbound flight arrived in Las Vegas two (2) hours past the scheduled arrival time, and he was "bumped" from the return flight. Id. ¶ 4. Plaintiff then "secured a flight with Delta Airlines for $1,158.20 in order to get back to Orlando to meet business obligations." Id. Plaintiff claims that Defendant breached the contract of carriage due to the aforesaid events and is in violation of 14 C.F.R. Part 250 for failing to provide compensation related to the same. Id. ¶ 5.

---

[1] The Civil Aeronautics Board, in the exercise of its rulemaking authority, implemented 14 C.F.R. Part 250 to require air carriers to abide by specific procedures in the event of an overbooked flight. See generally 14 C.F.R. pt. 250; see also Lopez v. E. Airlines, 677 F. Supp. 181, 182 (S.D.N.Y. 1988). The rule establishes a system for providing compensation to passengers with a confirmed reservation on a particular flight who could not be accommodated due to a lack of seats. See 47 Fed. Reg. 52980 (Nov. 24, 1982) (to be codified at 14 C.F.R. Part 250). "Bumped" passengers may accept the air carrier's compensation, or in the alternative may reject the compensation in favor of a common-law suit for damages. 14 C.F.R. § 250.9; see Lopez, 677 F. Supp. at 182.

[2] In his Complaint, Plaintiff refers to a "contract for passage" between himself and Defendant. Compl. ¶ 3. However, Plaintiff appears to be referring to a contract of carriage, which is created between a customer and an air carrier when the customer purchases a flight ticket. Guerrero v. Am. Airlines, Inc., 97 Civ. 1948, 1998 WL 196199, at *2 (S.D.N.Y. Apr. 22, 1998) (stating that a contract of carriage between airline and passenger "exclusively governs the rights and liabilities between the parties[]"). Thus, the Court refers to a contract of carriage herein.

Plaintiff filed his Complaint in this Court on October 3, 2023. See id. On October 26, 2023, Plaintiff moved for the Clerk's entry of default, which the undersigned denied via a Minute Order the next day because Plaintiff had yet to provide adequate proof of service. [Docs. 2, 4]. Subsequently, on November 27, 2023, Plaintiff filed proof of service indicating that Defendant was served with process on October 30, 2023. [Doc. 5]. That same day, Plaintiff filed a second motion for the Clerk's entry of default given that Defendant had yet to answer Plaintiff's Complaint or otherwise appear in this action. [See Doc. 6]; see also FED. R. CIV. P. 12(a)(1)(A)(i) (stating that a defendant "must serve an answer . . . within 21 days after being served with the summons and complaint"). The Clerk then entered default against Defendant on November 28, 2023. Having obtained the Clerk's default, Plaintiff now moves for default judgment against Defendant. [Doc. 7]. The Court begins with the applicable legal standard before assessing Plaintiff's motion.

II.     **Legal Standard**

Federal Rule of Civil Procedure 55 sets forth a two (2)-step process for securing a default judgment. First, a party must obtain the Clerk's entry of default pursuant to Rule 55(a) by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a); see also Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1360 n.1 (N.D.

Ga. 2011) ("First, the clerk must enter a party's default . . . . [T]he party [seeking default judgment] must then apply to the court for a default judgment."). Second, after the Clerk's entry of default, the party seeking default judgment must file a motion for default judgment pursuant to Rule 55(b)(1) or (2). FED. R. CIV. P. 55(b). The Clerk's entry of default under Rule 55(a) is thus a prerequisite for default judgment to be granted under Rule 55(b). Sun v. United States, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004).

A Clerk's entry of default against a party pursuant to Rule 55(a) constitutes an admission by that party of all well-pleaded factual allegations contained in the underlying complaint. Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).³ However, Rule 55(a) default does not automatically warrant the Court's entry of default judgment pursuant to Rule 55(b). See Frazier, 767 F. Supp. 2d at 1362 (citing Nishimatsu Constr., 515 F.2d at 1206).

Even if a defendant is in Rule 55(a) default, it "is not held to admit facts that are not well-pleaded or to admit conclusions of law." See id. (quoting Nishimatsu Constr., 515 F.2d at 1206); see also United States v. Kahn, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim." (citing Nishimatsu Constr., 515 F.2d at 1206)). "There must be a

---

³ In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

sufficient basis in the pleadings for the judgment entered," and "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr., 515 F.2d at 1206. Consequently, the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Frazier, 767 F. Supp. 2d at 1362 (quoting 10A Charles Alan Wright et al., Federal Practice & Procedure § 2688 (3d ed. 2007)). A plaintiff's burden at the default judgment stage is "akin to that necessary to survive a motion to dismiss for failure to state a claim." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." Id.

Because entry of default constitutes an admission of only the well-pleaded facts in a complaint, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Moreover, a defendant in default does not admit to allegations relating to the amount of damages. Frazier, 767 F. Supp. 2d at 1365. Pursuant to Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk— on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing[.]" FED. R. CIV. P. 55(b)(1); see also KPS & Assocs., Inc. v. Designs

5

By FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003) (stating that a claim is a sum certain only where "there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default[]"). In all other cases—those involving claims not for a sum certain—a court may conduct a hearing to determine the amount of damages before entering default judgment. See FED. R. CIV. P. 55(b). However, "[a]n evidentiary hearing is not a per se requirement" for an entry of default judgment pursuant to Rule 55(b)(2) because that Rule "speaks of evidentiary hearings in a permissive tone." SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); FED. R. CIV. P. 55(b)(2) (explaining that "[t]he court *may* conduct hearings or make referrals . . . [to] determine the amount of damages" (emphasis added)).

"District courts in the Eleventh Circuit have noted that an evidentiary hearing is not necessary where the moving party has provided supporting affidavits as to the issue of damages." Frazier, 767 F. Supp. 2d at 1365. A supporting affidavit must establish that the plaintiff is entitled to a specific, certain sum of money. Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 928 (9th Cir. 2004). However, a plaintiff "cannot satisfy the certainty requirement simply by requesting a specific amount." 10A Charles Alan Wright et al., Federal Practice & Procedure § 2688 (3d ed. 2007); accord Fresh v. Diamond Dev. & Invs. Inc., No. 1:13-CV-02657-WSD, 2016 WL 3640257, at *2 (N.D. Ga. July 8, 2016).

### III. Discussion

Plaintiff brings two (2) claims against Defendant: (1) violation of 14 C.F.R. Part 250 and (2) breach of the contract of carriage. Compl. ¶ 5. In order to determine if Plaintiff is entitled to default judgment, the Court assesses whether Plaintiff adequately pleads his two (2) claims in turn. Subsequently, the Court considers the issue of damages.

#### A. 14 C.F.R. Part 250 Liability

Plaintiff first requests that the Court enter default judgment against Defendant for alleged violations of 14 C.F.R. Part 250. Compl. ¶ 4. 14 C.F.R. Part 250 sets forth regulations regarding the oversale of flight segments. See generally 14 C.F.R. pt. 250. Specifically, this Part establishes "procedures and minimum standards to be followed by airlines with respect to passengers holding confirmed reservations who are bumped as a result of overselling." Lopez, 677 F. Supp. at 182. Section 250.2 states:

> [Part 250] applies to every carrier, as defined in § 250.1, with respect to scheduled flight segments using an aircraft that has a designed *passenger capacity of 30 or more passenger seats*, operating in interstate air transportation or foreign air transportation with respect to nonstop flight segments originating at a point within the United States.

14 C.F.R. § 250.2 (emphasis added). In other words, the applicability of Part 250 is limited to flight segments involving aircraft with a carrying capacity of at least thirty (30) people. Id.; see Adelman v. United Airlines, 932 F. Supp. 331, 332–33 (D.D.C.

7

1996) (finding 14 C.F.R. Part 250 inapplicable because the plaintiff failed to allege that the aircraft had the requisite carrying capacity). Here, Plaintiff fails to allege in his Complaint that Defendant's aircraft(s) associated with the tickets he purchased for transport had a carrying capacity of thirty (30) people or greater. See Compl. Indeed, Plaintiff only alleges that he booked "roundtrip airline travel" and was "'bumped' from the return flight" before making the broad, conclusory assertion that Defendant violated 14 C.F.R. Part 250. Id. ¶¶ 3–4. Thus, even accepting Plaintiff's factual allegations as true, Plaintiff fails to sufficiently allege a cause of action pursuant to 14 C.F.R. Part 250. Id.; see Ratnaswamy v. Air Afrique, No. 95-C-7670, 1998 WL 111652, at *5 (N.D. Ill. Feb. 23, 1998) (finding plaintiff did not sufficiently plead a 14 C.F.R. Part 250 claim because he did not allege the requisite components of 14 C.F.R. § 250.2). Therefore, the Court finds that Plaintiff has not provided a sufficient basis in the pleadings for the Court to enter judgment on his 14 C.F.R. Part 250 claim and that his motion for default judgment as to the same is due to be denied. See Surtain, 789 F.3d at 1247 (explaining that the plaintiff failed to state a claim under the relevant statute, thus she was not entitled to default judgment on that claim).

### B. Breach of Contract Liability

Next, the Court turns to Plaintiff's breach of contract claim, by which Plaintiff alleges Defendant breached the contract of carriage between them because "[t]he

8

outbound flight arrived in Las Vegas in excess of two hours past the scheduled arrival time and Plaintiff was 'bumped' from the return flight on August 21, 2023." Compl. ¶ 4.  "The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken."[4]  Norton v. Budget Rent A Car Sys., Inc., 705 S.E.2d 305, 306 (Ga. Ct. App. 2010).  "A breach occurs if a contracting party fails to perform the engagement as specified in the contract." Id. (ellipses omitted) (quoting UWork.com, Inc. v. Paragon Techs., Inc., 740 S.E.2d 887, 892 (2013)).

Upon review and consideration, the Court finds that the Complaint sufficiently alleges a claim for breach of contract such that Plaintiff is due default judgment as to the same.  Taking Plaintiff's well-pleaded factual allegations as true, Plaintiff contracted for round-trip air transportation from Orlando, Florida to Las Vegas, Nevada and back, but Defendant did not honor that contract.  Compl. ¶ 4.

---

[4] Plaintiff initiated his case in this Court pursuant to the Court's federal question jurisdiction. See 28 U.S.C. § 1331; Compl. ¶ 2.  Because Plaintiff's state law claim "arise[s] out of a common nucleus of operative fact" with his federal law claim, the Court may properly exercise supplemental jurisdiction over his state law claim. See 28 U.S.C. § 1367(a); Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742–43 (11th Cir. 2006).  Accordingly, the Court considers Plaintiff's state law claim pursuant to Georgia substantive law. See Hensley v. Westin Hotel, Civil Action No. 1:19-CV-03846-SDG, 2023 WL 3641955, at *6 (N.D. Ga. Feb. 27, 2023) ("[W]hen a district court is sitting in diversity or exercising its supplemental jurisdiction over pendent state law claims, 'only substantive state law must be applied[.]'" (quoting Palm Beach Gold Ctr. Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1259 (11th Cir. 2015)); see also Fed. Ins. Co. v. Nat'l Distrib. Co., Inc., 417 S.E.2d 671, 673 (Ga. Ct. App. 1992) (explaining that Georgia adheres to the "rule of lex loci contractus" wherein the "validity, nature, construction, and interpretation of a contract are governed by the substantive law of the state where the contract was made" and/or performed).

Instead, Defendant "bumped" Plaintiff from the return flight, forcing him to secure new passage to Orlando with Delta Airlines.  Id.  Thus, Defendant failed to fulfill its obligation pursuant to the contract of carriage to transport Plaintiff from Las Vegas to Orlando on August 21, 2023.  Because the factual allegations—admitted as true by virtue of Defendant's default—sufficiently state a breach of contract claim, the Court finds that Plaintiff is entitled to default judgment on that claim.

  **C.** **Damages**

Having found that Plaintiff is entitled to default judgment on his breach of contract claim, the Court now turns to the issue of damages.  Pursuant to Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing[.]"  FED. R. CIV. P. 55(b)(1).  All other cases—those involving claims not for a sum certain—are governed by Rule 55(b)(2), which provides that a court may conduct a hearing to determine the amount of damages, but "[a]n evidentiary hearing is not a per se requirement" because that Rule "speaks of evidentiary hearings in a permissive tone."  Smyth, 420 F.3d at 1232 n.13; FED. R. CIV. P. 55(b)(2) (explaining that "[t]he court *may* conduct hearings or make referrals . . . [to] determine the amount of damages" (emphasis added)).

Plaintiff alleges that he "is entitled to be reimbursed for damages totaling $8,575.00 made up of statutory damages, cost of additional plane ticket, lodging, meals, transportation, parking, loss of wages, filing fees and attorney fees." Compl. ¶ 5.  Further, Plaintiff's counsel avers in conclusory fashion that Plaintiff's claimed damages qualify as a sum certain. See Plaintiff's Affidavit in Support of Motion for Default Judgment ¶ 4 [Doc. 7-1].  The Court finds, however, that at least two (2) issues preclude entering judgment on Plaintiff's damages at this stage.  First, Plaintiff provides almost no context or specific details in his Complaint or supporting documents beyond conclusory assertions and broad, non-itemized categories as to how his claimed damages were calculated.  See id.; Compl. ¶ 5; see also PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp. 2d 1287, 1292 (S.D. Ala. 2010) (noting that "a court has an obligation to assure that there is a legitimate basis for any damage award it enters," that "the record" must "reflect[] the basis for the award," and that requested damages cannot be "speculative and not proven by a fair preponderance of the evidence" and collecting cases in support (cleaned up)). Indeed, the only specific costs Plaintiff provides are his original ticket cost and the cost to purchase a new plane ticket to Orlando.  See Doc. 1 at 4–7 (receipts attached to Plaintiff's Complaint indicating his original ticket with Defendant cost $330.96 and his new ticket with Delta Airlines cost $1,158.20).  Second, Plaintiff represents that his requested damages include "statutory damages."  Compl. ¶ 5.  However,

because Plaintiff insufficiently pleads his 14 C.F.R. Part 250 claim, he is not entitled to statutory damages as to the same. See supra, part III.A.

In sum, the Court finds that the evidence before it is insufficient to make a "fully informed determination of damages." Smyth, 420 F.3d at 1232 n.13. And the Court will not make the "sort of judicial leap of faith in fixing the amount" of damages in this case as Plaintiff requests because such action would be "fundamentally incompatible with the bright-line requirement that a plaintiff seeking a default judgment must prove its damages by record evidence." See PNCEF, 740 F. Supp. 2d at 1293 (holding that the plaintiff cannot "merely tell[] the Court in summary fashion what its damages are" but instead "must show the Court what those damages are, how they are calculated, and where they come from, by reference to . . . appropriate back-up documentation[] and witness testimony" (emphasis omitted)). Therefore, the Court will allow Plaintiff to file additional documentation in support of his claimed damages before entering final default judgment. Nat'l Fire Ins. Co. of Hartford v. Thrasher Contr., LLC, 142 F. Supp. 3d 1309, 1315 (N.D. Ga. 2015) (directing the plaintiff to file supporting documentation as to damages where it failed to properly itemize fees and costs); Lubin, SARL v. Lubin N. Am., Inc., Civil Action No. 1:13-CV-02696-AT, 2014 WL 12042543, at *2 (N.D. Ga. Mar. 14, 2015) (directing the plaintiff to file proper documentation supporting why it is entitled to a default judgment in the amount it seeks).

## IV.     Conclusion

For the foregoing reasons, the Court **GRANTS IN PART, DENIES IN PART, AND RESERVES IN PART** Plaintiff's "Motion for Default Judgment." [Doc. 7]. Specifically, the Court **DENIES** the motion as to Plaintiff's 14 C.F.R. Part 250 claim. The Court **GRANTS** the motion as to Defendant's liability on the breach of contract claim. The Court **RESERVES** its ruling as to the issue of damages on Plaintiff's breach of contract claim. Finally, the Court **DIRECTS** Plaintiff to file documentation in support of his claimed damages related to his breach of contract claim, such as an itemized list of fees, within fourteen (14) days. The Court **DIRECTS** the Clerk to submit this action to the undersigned after the expiration of the fourteen (14)-day period.

**SO ORDERED**, this 24th day of June, 2024.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia